UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BROTHER LOVE BEY,

        Plaintiff,

    -against-

STATE OF NEW YORK; CITY OF NEW YORK; CIVIL COURT OF THE CITY OF NEW YORK; SHERIFF EDGAR A. DOMENECH; MAGISTRATE HANNAH COHEN; MAGISTRATE THOMAS FITZPATRICK; MAGISTRATE JOHN S. LANSDEN; CHIEF CLERK CAROL ALT; CITY MARSHAL EDWARD F. GUIDA; OFFICER SAUNDERS, Badge #4372; OFFICER VILLAFANE, Badge #2720; OFFICER BARRON, Badge #27649; OFFICER RICHARDS, Badge #24235; OFFICER DONNELLY, Badge #576; LESTER WAYNE MACKEY, Esq.; CHRISTINE CHAMPAGNE; PAUL HUMPHRIES; TARRIQ MUHAMMAD; LEND AMERICA; ABC REAL ESTATE SERVICES, INC.,

        Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
12 CV 2171 (WFK)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 04 2012 ★
BROOKLYN OFFICE

KUNTZ, United States District Judge.

    On May 2, 2012, *pro se* Plaintiff Brother Love Bey ("Plaintiff"), filed the instant complaint along with a request for an order to show cause for a temporary restraining order challenging his eviction. Plaintiff paid the filing fee to initiate this action. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's request for injunctive relief is denied as moot.

Background

    The following facts are taken from Plaintiff's complaint and attached exhibits.

On April 3, 2012, the City Marshal Edward F. Guida, effected physical eviction of plaintiff from a



1

property located at 283 East 95th Street, Brooklyn, New York. See Compl. at Statement of Claim; Notice of Marshal's Legal Possession, annexed to Affirmation. Following the eviction, Plaintiff "and others broke back [into the property] and retook possession." See Champagne v. Pope/Doe, Index No. 106714/2011 (Decision/Order at 1, Civil Court, Kings County, Apr. 25, 2012), annexed to Affirmation. Permission was granted for the Marshal to re-execute the warrant of eviction "forthwith." Id. Plaintiff alleges as a "Moorish-American national," he is immune from the laws of the United States. See generally Compl. Plaintiff seeks monetary damages and injunctive relief.

### Standard of Review

At the pleadings stage of the proceeding, the Court must "accept as true all nonclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677–679 (2009)). A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read *pro se* Plaintiff's complaint liberally and to interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191–93 (2d Cir. 2008).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case *sua sponte* if it determines the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

2550733, at *4 (E.D.N.Y. June 27, 2011) (same); Kheyn v. City of New York, Nos. 10-cv-3233, 10-cv-3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010).

Moreover, the Court notes Plaintiff's claim that he is immune from the laws of the United States because he is a member of the "Moorish-American" nation is meritless. See Bey v. Am. Tax Funding, No. 11-cv-6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012) ("Petitioner's purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); Gordon v. Deutsche Bank, No. 11-cv-5090, 2011 WL 5325399, at *1 n.1 (E.D.N.Y. Nov. 3, 2011) (plaintiff's claim that as a Moorish–American he was not subject to eviction held to be without merit); Bey v. Bailey, No. 09-cv-8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010 ) (petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the "Moorish-American" nation is without merit and cannot be the basis for habeas relief); Allah El v. Dist. Att'y for Bronx Cnty., No. 09-cv-8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov. 4, 2009).

## Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Plaintiff's request for injunctive relief is denied as moot. Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
May 4, 2012

4